IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JERALDINE MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV-99-B-2774-S |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTERED**
DEC ? ? 2000

**MEMORANDUM OPINION**

Currently before the court is the Motion for Summary Judgment filed by defendant Wal-Mart Stores, Inc., ("defendant" or "Wal-Mart"). The present action arises out of a claim by Jeraldine Marsh ("plaintiff" or "Marsh") that she was injured when she slipped and fell at the Sam's Club in Homewood, Alabama. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that defendant's Motion is due to be granted.

**I. FACTUAL SUMMARY**

On September 10, 1997, plaintiff and a friend, Colletta Kennedy ("Kennedy"), went to Sam's Club in Homewood, Alabama, to purchase some shrimp. (DX 1, Deposition of Jeraldine Marsh ("Marsh Depo.") at 35, 40, 46.) The store appeared to be busy as there were a number of cars in the parking lot. (*See id.* at 46.)

After entering the store, plaintiff and Kennedy walked back to the refrigerated section of the store. (*See id.* at 48.) Kennedy stopped on the way and plaintiff continued to the back of the store. (*See id.* at 48-49.) As plaintiff walked from the front of the store to the main aisle in the back of the store, she did not notice anything unusual and the store did not appear to be messy or

unkept. (*See id.* at 53.) Plaintiff did not recall passing any spills or debris on the floor. (*See id.* at 53.)

When plaintiff reached the back of the store, she turned left onto the main aisle in that area of the store. (*See id.* at 61.) At that time, she did not observe anything on the floor, including any cups, debris, buggy marks or dirt. (*See id.* at 61-63.)

According to plaintiff, she passed one or two freezers located off the main aisle in the back of the store and then slipped. (*See id.* at 57-60.) A couple was standing in the general area where she slipped. (*See id.* at 61.)

After the incident, plaintiff saw a "little spot of water" on the floor. (*See id.* at 65, 70.) Plaintiff did not see anything in the water on the floor. (*See id.* at 67.) The water contained one slide mark that appeared to have been made by plaintiff. (*See id.* at 68.) Plaintiff did not see any other slide marks in the water. (*See id.*) She did not see any footprints, shopping cart tracks, or any dirt or debris in the water. (*See id.* at 68-69.) The water did not appear to be leaking from anywhere. (*See id.* at 117.)

Plaintiff did not know how the water got on the floor or how long it had been there prior to the incident. (*See id.* at 65.) She does not know whether the water had been reported to Sam's Club prior to the incident. (*See id.* at 70.) No one from Sam's Club said anything that indicated they knew the water was on the floor prior to the incident. (*See id.* at 74-75, 77, 85-86.) No one ever told plaintiff they knew the water was on the floor or that it had been reported to Sam's Club prior to the incident. (*See id.* at 117-18.)

On September 10, 1997, the date of plaintiff's fall, Eric Wells ("Wells") was working at the Sam's Club located in Homewood, Alabama as a support manager. (DX 2, Aff. of Eric Wells ("Wells Aff.") at 1.) Wells was responsible for the frozen foods section of the store. (*See*

2

*id.)* As part of his job duties, Wells assisted customers, supervised associates, and walked his areas of the store throughout the day, checking the floors to make certain there were no substances, debris or objects on the floor. (*See id.*) Wells stated that associates in the frozen food section, as well as associates in all departments in the store, are trained to walk their areas of the store throughout the day to ensure that the floors are clean, clear, and dry. (*See id.*)

On the date of the incident, Wells was walking in the frozen food section when he saw plaintiff seated on the floor next to one of the coolers. (*See id.* at 1-2.) Plaintiff told Wells that she had slipped on the water. (*See id.* at 2.) At that time, Wells observed a five-inch clear spill of what appeared to be water approximately four feet from plaintiff. (*See id.*) The water was in a small puddle on the floor and did not contain any footprints, shopping cart tracks, or dirt. (*See id.*) Approximately six feet from the puddle of liquid was an empty cup. (*See id.*) There was nothing leaking from the cooler by which plaintiff was seated. (*See id.*)

Approximately fifteen minutes prior to the time Wells observed plaintiff on the floor, he had walked over this exact area of the frozen food section checking the floor for spills or foreign objects. (*See id.*) At that time there was no water or any other liquid on the floor. (*See id.*) To Wells's knowledge, no one had reported the incident to Sam's Club. (*See id.*)

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if the pleadings and evidence indicate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment bears the initial burden of showing that no genuine issues exist. See *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has

met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial. *See Celotex*, 477 U.S. at 324. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgement, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

### III. DISCUSSION

Under Alabama law, a storekeeper is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises for the use of his customers." *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). However, "the storekeeper is not an 'insurer of the customer's safety,' and is liable for injury only if he 'negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition.'" *Id.* (citation omitted). In order to sustain her claim, then, plaintiff must demonstrate that the negligence of the store or the storekeeper's agents or servants was the proximate cause of her injuries. *Id.*; *see also Hampton v. Bruno's, Inc.*, 646 So. 2d 597, 601 (Ala. 1994). In addition, in "slip-and-fall" cases, such as the one before the court, where a plaintiff contends that a foreign substance caused her to fall, Alabama law requires that actual or constructive notice of the presence of the substance be proven before the storekeeper can be held liable for the injury:

4

> [T]he plaintiffs must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [the storekeeper]; or (2) that [the storekeeper] had actual notice that the substance was on the floor; or (3) that [the storekeeper] was delinquent in not discovering and removing the substance.

*Maddox*, 565 So. 2d at 16; *see also Handley v. United* States, 889 F. Supp. 1480, 1483 (M.D. Ala. 1995); *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140, 1143 (Ala. 1992); *Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84 (Ala. 1992). "Where the substance is dirty, crumpled, or mashed, or has some other characteristic [, e.g., is 'sticky,'] that makes it reasonable to infer that it has been on the floor a long time, the defendant may be found to have a duty to discover and remove it." *Maddox*, 565 So. 2d at 17 (quoting *Vargo v. Warehouse Groceries Management, Inc.*, 529 So. 2d 986, 986 (Ala. 1988)).

  First, plaintiff has presented no evidence that defendant had actual notice of the presence of water on the floor prior to the incident. It is undisputed that prior to plaintiff's fall no one had reported the spill on the floor to the defendant. (*See* Marsh Depo. at 70, 74-75, 77, 85-86, 117-118; Wells Aff. at 2.) Furthermore, Wells's affidavit establishes that approximately fifteen minutes prior to plaintiff's fall, he had walked over the area of plaintiff's fall in the frozen food section checking the floor for spills or foreign objects. (*See* Wells Aff. at 1.) At that time there was no water or any other liquid on the floor. (*See id.*) Plaintiff admitted in her deposition that no one from Sam's Club said anything that indicated they knew the water was on the floor prior to the incident and no one ever told her that Sam's Club knew the water was on the floor prior to the incident. (*See* Marsh Depo. at 74-75, 77, 85-86, 117-118.) Based on the foregoing, plaintiff has failed to present any evidence that defendant had actual knowledge of the condition of the floor prior to her fall.

Second, plaintiff has presented no evidence indicating that the substance had been on the floor a sufficient amount of time to impute constructive knowledge to defendant or show that defendant was delinquent in not discovering and removing the substance.  Plaintiff may establish negligence by proving that the spill existed for a length of time sufficient for a reasonable store owner to discover the area and correct it.  *See McCombs v. Bruno's, Inc.*, 667 So. 2d 710, 712 (Ala. 1995).  In other words, the defendant can be found negligent where based on the factual evidence it should have discovered the spill and corrected it, but failed to do so.  Neither plaintiff nor defendant saw any substance on the floor prior to plaintiff's fall.  (*See* Marsh Depo. at 61-63; Wells Aff. at 2.)  In addition, neither plaintiff nor defendant knew how long the substance had been on the floor.  Both plaintiff and defendant testified that there were no cart tracks or foot prints in the spill.  (*See* Marsh Depo. at 68-69; Wells Aff. at 2.)  According to Wells's testimony, there was no substance on the floor in the aisle where plaintiff fell approximately fifteen minutes prior to her fall.  (*See* Wells Aff. at 2.)  Plaintiff did not see the substance on the floor prior to her fall.  (Marsh Depo. at 61-63.)  Furthermore, the evidence indicates that the substance was not dirty and did not contain any footprints, other than the mark she had made, buggy tracks or any other debris.  (Marsh Depo. at 65, 67, 68, 69, 70.)  Additionally, the water was not leaking from anywhere.  (*See id.* at 117.)  Plaintiff admitted in her deposition that she does not know how long it was on the floor.  (*See id.* at 65.)  Thus, plaintiff has failed to prove that the substance she slipped on had been on the floor a sufficient length of time to impute constructive notice to Sam's Club or that Sam's Club was delinquent in not discovering and removing the substance.

Viewing all evidence in the light most favorable to plaintiff, the court is of the opinion that plaintiff failed to present sufficient evidence from which a reasonable jury could find that

6

defendant breached its duty to maintain the premises in a reasonably safe condition. The absence of evidence sufficient to support any breach of duty by defendant, coupled with defendant's evidence negating any possibility of actual or constructive knowledge renders summary judgment proper in this case. *See Thompson v. Lee*, 439 So. 2d 113 (Ala. 1983) ("Evidence which affords nothing more than speculation, conjecture, or guess is wholly insufficient to warrant submission of a case to the jury."). No issues of material fact remain. Therefore, defendant's Motion for Summary Judgment is due to be granted.

## IV. CONCLUSION

The court concludes that defendant's Motion for Summary Judgment is due to be granted. All claims against Wal-Mart are due to be dismissed with prejudice. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE** this 22 day of December, 2000.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge